FILED

2:50 pm, 5/22/09

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TERRIE ELAINE HAYES, | ) | Case No. 08-20207 |
| | ) | Chapter 7 |
| Debtor. | ) | |

### ORDER DENYING DEBTOR'S MOTION TO DISMISS

On April 28, 2009, this matter came before the Court for an evidentiary hearing on the Debtor's Motion to Voluntarily Dismiss Chapter 7 Bankruptcy and the chapter 7 Trustee's ("Trustee") objection. The parties were represented as stated on the record. The Court having reviewed the record, the testimony, and evidence presented, is prepared to rule.

Terrie Elaine Hayes ("Hayes") filed for chapter 7 bankruptcy protection on April 16, 2008 and received a discharge on August 5, 2008. Ms. Hayes is a single mother with two minor children living at home. She was unemployed on the date the bankruptcy was filed. On the date of the hearing, she testified that she was working part-time and was searching for better employment.

Ms. Hayes seeks an order dismissing her chapter 7 bankruptcy case alleging that she will get help from family to pay her creditors. On Schedule B, Ms. Hayes listed a "1981 Crest double wide mobile home" with a value of $2,399.99. According to Ms. Hayes' testimony, she purchased the mobile home for $25,000. After the second year of payments, she lost her job and still owed $9,000.00. The debt was then paid in full by her

mother. The mobile home sits on a rented mobile home lot.

At the §341 meeting of creditors, the Trustee questioned the value that Ms. Hayes had provided for the mobile home on her Schedule B. On June 23, 2008, Ms. Hayes filed an amended Schedule B valuing the mobile home at $9,672.00. Subsequently, Ms. Hayes obtained a NADA value from a mobile home dealer and based upon the information provided by Ms. Hayes, valued the mobile home at $37,430. Next, Ms. Hayes obtained a fair market value assessment from a realtor who inspected the mobile home and with adjustments for the market, valued the mobile home at $40,000. Ms. Hayes testified that it was her opinion that her mobile home's value was between $20,000 and $25,000. Her opinion was based on her conversation with a neighboring mobile home owner who had recently sold his mobile home.

A debtor does not have an absolute right to voluntarily dismiss a Chapter 7 case. The debtor must establish "cause." Cause is not defined under the Bankruptcy Code. The question of whether there is cause for dismissal is decided on a case by-case basis. A primary factor to be considered is the effect of dismissal on creditors. Voluntary dismissal is not allowed where it will cause prejudice to the debtor's creditors. Prejudice exists where assets which would be available for distribution are lost as a result of dismissal[1].

The Debtor alleges in her motion and testified at the hearing that she believes she

---

[1] *In re Aupperle*, 352 B.R. 42 (Bankr. N.J. 2005).

Page 2

can receive help from her family to pay her creditors upon dismissal of the bankruptcy. Ms. Hayes testified that she spoke with the creditor, Sheridan Memorial Hospital and has agreed to make a monthly payment of $50.00 per month toward the debt owed of over $10,000. The Debtor had not made arrangements with the other creditors listed in her schedules at the time of the hearing nor did she describe a plan of repayment to these creditors.

The parties differ in their determination of the value of the mobile home. The debtor believes the mobile home's value is between $20,000 - $25,000. Whereas, the Trustee alleges the value is between $37,430 - $40,000. The Trustee based his determination on the NADA value provided by the mobile home dealer and the real estate market analysis.

The Court, in calculating a hypothetical sale of the mobile home as an asset of the estate, using the average of $30,000 as the sale price, taking into consideration the debtor's exemption, estimating the cost of sale at ten percent (10%) (to include realtor fees and expenses), and the trustee's fee estimates that the net proceeds to the estate would be approximately $17,000.

Ms. Hayes listed a total amount of unsecured nonpriority claims on her Schedule F, of $28,454.04. According to the docket, the claims registry indicates that unsecured claims have been filed in the amount of $15,832.42. Under the hypothetical sale, the creditors with allowable claims would receive a 100% distribution. Ms. Hayes would

receive a discharge of the balance of the unsecured nonpriority claims listed on her Schedule F.

Ms. Hayes did not provide the court an alternative plan in which she intends to pay her creditors. She testified that she had made arrangements with the hospital to pay $50.00 a month. She did not have a plan for the balance of the other creditors.

It appears to the court that Ms. Hayes has not provided cause for the dismissal of her Chapter 7 bankruptcy case. Her creditors would be prejudiced as under the bankruptcy, those that have filed claims would be paid in full. Without the bankruptcy, the court is uncertain that the creditors would be paid. The Trustee's objection is sustained.

IT IS ORDERED that debtor's motion to dismiss the chapter 7 is denied.

DATED this 22 day of May, 2009.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Phillip Willoughby
    Randy Royal

Page 4